UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL A. HENRY,
    Plaintiff,

    vs.                                              No. 08-4069,

DR. OSAFO, et. al.,
    Defendants

MERIT REVIEW ORDER #2

This cause is before the court for merit review of the plaintiff's amended complaint.

I. BACKGROUND

The plaintiff, Michael Henry, originally filed his lawsuit pursuant to 42 U.S.C. §1983 in the United States District Court for the Northern District of Illinois.    However, since none of the defendants are events in the plaintiff's complaint were in the Northern District, the case was transferred to the Central District of Illinois.

The court conducted a merit review of the plaintiff's complaint and found that the plaintiff had listed four defendants from three correctional centers: Dr. Osafo from the Illinois River Correctional Center; Dr. Lochard and Dr. Shah from the Jacksonville Correctional Center and Dr. Rankin from the East Moline Correctional Center.  The plaintiff claimed he had ongoing problems with his right hip and leg while he has been incarcerated in the Illinois Department of Corrections.

The court found there were several problems with the plaintiff's complaint.  First, it appeared that some of the plaintiff's claims might be barred by the two year statute of limitations period. January 26, 2009 Court Order; *see also Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001).  Second, the plaintiff's complaint did not properly put the defendants on notice of the claims against them. The plaintiff did not state what he was accusing the specific defendants of doing or not doing, and did not even mention two of them in the body of his complaint.  Therefore, the court struck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and gave the plaintiff additional time to file an amended complaint.  The plaintiff has complied.

II. MERIT REVIEW

The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

1

The plaintiff's amended complaint names the same four defendants: Dr. Osafo, Dr. Lochard, Dr. Shah and Dr. Rankin.

The plaintiff says he was at Illinois River Correctional Center from December of 2005 until November of 2006. The plaintiff says he re-injured his right leg and hip while walking up stairs to his cell in December of 2005. The plaintiff says he saw Dr. Osafo and told him that he heard something snap or break. The doctor prescribed Ibuprofen and ordered X-rays.

Dr. Osafo told the plaintiff that the X-rays showed he had degenerative arthritis and he would be "in pain for the rest of my life." (Amd. Comp, p. 5). The plaintiff asked to be referred to an outside facility and his request was denied. The plaintiff says no other treatment was offered. The plaintiff says his pain steadily increased and he developed a limp.

The plaintiff says he as at Jacksonville Correctional Center from November of 2006 to September of 2008. The plaintiff says he was first treated by Dr. Lochard who ordered additional X-rays. Dr. Lochard told the plaintiff he was in need of a hip replacement, but he would not authorize the surgery at that point because the plaintiff was not wheelchair bound. Dr. Lochard told the plaintiff that his "hip had deteriorated dramatically and would deteriorate even faster in the near future." (Amd. Comp., p. 6).

The plaintiff says he began requesting a hip replacement in March of 2007, but he was told that it was not approved because he was young and still mobile. Instead, Dr. Lochard ordered a shoe lift and prescribed Ibuprofen. The plaintiff says his right leg was a full inch shorter than his left leg.

The plaintiff was treated by Dr. Shah at Jacksonville Correctional Center in November of 2007. The plaintiff says he again requested hip replacement surgery, but it was denied. Dr. Shah suggested that the plaintiff begin jogging and continued to prescribe Ibuprofen. In March of 2008, Dr. Shah took another X-ray and noted that there was no change from the previous year, but the plaintiff's right leg was shorter. Dr. Shah said he was going to recommend that the plaintiff see an orthopedist, but the request was denied because the plaintiff had already been examined by Dr. Lochard. While it is not entirely clear from the plaintiff's complaint, it appears that Dr. Lochard had some training in orthopedics.

In September of 2008, the plaintiff was transferred to East Moline Correctional Center were he remained until he filed this complaint in December of 2008. The plaintiff says he has been treated by Dr. Rankin. The plaintiff claims he explained his medical problems to the doctor, but the doctor did not perform an independent examination. Instead, he ordered more Ibuprofen and requested a new shoes with a show lift. The plaintiff says he waited more than 60 days for the new shoes.

The plaintiff says the defendants have violated his constitutional rights because the repeated delays in treatment has caused additional pain and has greatly increased the difference in the length of his legs. Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v Gamble,* 429 U.S. 97, 104-5 (1976). A serious medical need may be a condition that a doctor has recognized as needing

treatment or one for which the need for treatment would be obvious to a lay person. *Johnson v. Snyder,* 444F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it "significantly affects an individual's daily activities," *Chance v. Armstrong,* 143 F.3d 698, 701 (2nd Cir. 1998), if it causes pain, *Cooper v Casey,* 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects a prisoner to a substantial risk of serious harm. *Farmer v Brennan,* 511 U.S. 825 (1994).

Deliberate indifference occurs when prison officials knows of and disregards an excessive risk to inmate health and safety. *Farmer,* 511 U.S. at 837. Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v Peters,* 97 F.3d 987, 922 (7th Cir. 1996); *Snipes v DeTella,* 95 F.3d 586, 590-91 (7th Cir. 1990). Therefore, disagreement with a doctor's judgement, incorrect or improper treatment resulting from negligence is insufficient to state an Eighth Amendment claim. *Guieterrez v Peters,* 111 F.3d 1364, 1374 (7th Cir. 1997).

For the purposes of notice pleading, the court finds that the plaintiff has properly alleged that the defendants violated his Eighth Amendment rights. Deliberate indifference to a serious medical condition is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released. *See Heard v Sheahan,* 253 F.3d 316, 318-19 (7th Cir. 2001). It is not entirely whether the plaintiff's claims involving his lack of care at Illinois River Correctional Center are barred by the statute of limitations period, and therefore the court will not resolve this issue during the screening of the plaintiff's complaint. *Jervis v Mitcheff,* 2007 WL 4355433 at 6 (7th Cir. Dec. 13, 2007)

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Dr. Osafo, Dr. Lochard, Dr. Shah and Dr. Rankin violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 18th Day of October, 2010.


**\s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE